**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JOHN MICHAEL HERRMANN,**

   *Plaintiff*,

**v.**                                                              **Case No.  SA-24-CV-00545-JKP**

**SYDNEY BRIDGER, CRYSTAL**
**GARNER, KEVIN CECIL, BRIAN**
**DELGADO, ANDREW ENGLAND,**
**TROY MALLET, SIMON MORA,**
**KEITH LANE, ANDREW LEONIE,**
**MARK REYNOLDS, LAWRENCE B.**
**SHALLCROSS, MIKE RUST,**
**JENNIFER THARP,**

   *Defendants***.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the status of this matter. Plaintiff John Michael Herrmann, who appears *pro se*, brings this action against multiple New Braunfels City and Comal County officials in their individual capacities regarding his April 26, 2023 arrest and subsequent events. *See* ECF No. 2. Herrmann was pulled over by New Braunfels police for driving without a Texas license plate and arrested for resisting arrest in violation of Texas Penal Code § 38.30, unlawfully carrying in violation of Texas Penal Code § 46.02, and failure to identify in violation of Texas Penal Code § 38.02. *See* ECF No. 15. Herrmann alleges the circumstances of his arrest violated multiple provisions of the United States Constitution and, therefore, brings this civil action against the officials involved in his criminal case who he alleges violated his rights. *See* ECF No. 2. Herrmann previously sued those same officials in Comal County Court and his case

was dismissed. *See* ECF No. 15. Herrmann, therefore, includes in this federal action allegations against the county officials involved in his dismissed civil case. *See* ECF No. 2.

Multiple motions are currently pending before the Court. Herrmann filed motions for a temporary restraining order and for declaratory statement. *See* ECF Nos. 3, 4. The defendant officials involved in Herrmann's civil matter filed a motion to quash and dismiss the case for improper service of process pursuant to Fed. R. Civ. P. 12(b)(4),(5). *See* ECF No. 14.[1] The defendant officials involved in Herrmann's criminal matter filed a Rule 12(b)(6) motion to dismiss the case on *res judicata* grounds because the Comal County Court already adjudicated his civil claims against them. *See* ECF No. 15.[2] Both of the defendants' dispositive motions raise jurisdictional questions which the Court has a duty to address before reaching the merits.

The jurisdiction of federal courts is circumscribed by the limits set forth in Article III of the Constitution. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III legitimizes the use of judicial power "to declare the rights of individuals and to measure the authority of governments" in the resolution of "cases" and "controversies." *Id*. For that reason, a federal court must dismiss a case for lack of jurisdiction if the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010 (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). A court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Indeed, the Court has an obligation to consider the question of jurisdiction *sua sponte* even if it is not raised by the

---

[1] The Court notes without deciding that even if service was proper on these defendants, judicial and prosecutorial immunity would likely apply.

[2] The Court notes Defendant Andrew England, who does not appear in either motion, is no longer with the New Braunfels Police Department and does not appear to have been properly served. *See* ECF Nos. 13, 15 at 2.

2

parties. *See* Fed. R. Civ. P. 12(h)(3); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

For this reason, the Court holds in abeyance Herrmann's motions on the merits until the jurisdictional questions raised by the defendants are resolved. The Court, further, refers the defendants' dispositive motions to United States Magistrate Judge Richard B. Farrer, to whom this case is currently referred for pretrial management. The Court notes Herrmann has filed a notice of non-consent to trial by the magistrate judge. *See* ECF No. 5. As such, final judgment in this case will be entered by the undersigned judge. Pretrial matters and referred motions are, however, well within the authority vested in the United States Magistrate Judge pursuant to Local Rule CV-72, Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges, and pursuant to 28 U.S.C. § 636(b).

**IT IS THEREFORE ORDERED** that Herrmann's motions for temporary restraining order and declaratory statement are **HELD IN ABEYANCE** pending resolution of the jurisdictional issues raised by Defendants. *See* ECF Nos. 3, 4.

**IT IS FURTHER ORDERED** that the Defendants' Rule 12(b)(4),(5) Motion to Quash and Dismiss (ECF No. 14) and Rule 12(b)(6) Motion to Dismiss (ECF No. 15) are **REFERRED** to United States Magistrate Judge Richard B. Farrer in accordance with Local Rule CV-72, Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges, and pursuant to 28 U.S.C. § 636(b).

It is so ORDERED.
SIGNED this 16th day of July, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE