**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JOHN MICHAEL HERRMANN,**

     *Plaintiff*,

**v.**                                    **Case No. 5:24-CV-00545-JKP**

**SYDNEY BRIDGER, CRYSTAL**
**GARNER, KEVIN CECIL, BRIAN**
**DELGADO, ANDREW ENGLAND,**
**TROY MALLET, SIMON MORA,**
**KEITH LANE, ANDREW LEONIE,**
**MARK REYNOLDS, LAWRENCE B.**
**SHALLCROSS, MIKE RUST,**
**JENNIFER THARP, JUDGE RANDY**
**C. GRAY,**

     *Defendants*.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are four Motions to Dismiss:

1. Defendants Andrew Leonie, Mark Reynolds, Lawrence B. Shallcross, Mike Rust, and Jennifer Tharp's (the "Comal County Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), (*ECF No. 14*);

2. Defendants Sydney Bridger, Crystal Garner, Kevin Cecil, Brian Delgado, Andrew England, Troy Mallet, Simon Mora, and Keith Lane's (the "New Braunfels Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 15*);

3. Defendants Andrew Leonie and Mark Reynolds' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 28*); and

4. Defendant Randy C. Gray's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (*ECF No. 45*).

The Court now withdraws its Referral, (*ECF No. 30*), of the Comal County Defendants'

and the New Braunfels Defendants' Motions to Dismiss and considers all pending matters.

## BACKGROUND

Plaintiff John Michael Herrmann ("Herrmann"), proceeding *pro se*, brings this action against 14 City of New Braunfels and Comal County officials in their individual capacities regarding his April 26, 2023, arrest and subsequent events. *See ECF Nos. 2, 40*.

In his Complaint, Herrmann alleges violations of the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. *ECF No. 2 at 23–30*. Herrmann submits with his Complaint a Petition for Declaratory Statement and a Motion for a Temporary Restraining Order. *ECF Nos. 3, 4*. Herrmann requests, among other things, the Court declare he is "not a statutory person" and that Defendants be restrained from enforcing statutes and taking court action against him. *Id*.

In response to Hermann's Complaint, the Comal County Defendants and the New Braunfels Defendants filed Motions to Dismiss. *ECF Nos. 14, 15*. Finding the Motions to Dismiss raised jurisdictional questions, the Court ordered Herrmann's Petition and Motion be held in abeyance pending the resolution of the jurisdictional issues raised by the Comal County Defendants and the New Braunfels Defendants. *ECF No. 30*. The Court then referred the Motions to Dismiss to the United States Magistrate Judge. *Id*.

Following these events, Defendants Andrew Leonie and Mark Reynolds filed an additional Motion to Dismiss. *ECF No. 28*. Herrmann also filed an Amended Complaint adding Defendant Randy C. Gray, judge of Comal County Court at Law No. 1, to this action. *ECF No. 40*. Responding to Herrmann's Amended Complaint, Defendant Randy C. Gray filed the final Motion to Dismiss before the Court. *ECF No. 45*.

Herrmann filed either Objections or Responses to each of the four Motions to Dismiss. *ECF Nos. 16, 19, 31, 38, 39, 46, 47, 48*.

The Court now addresses each of the four Motions to Dismiss in turn.

**I.    The Comal County Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)**

The Comal County Defendants move for dismissal of Herrmann's causes of action under Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") on the basis of insufficient service of process.[1] *ECF No. 15 at 3–6*. A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). The party making service has the burden of demonstrating its validity when an objection to service is made. *Id*. (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the serving party fails to meet its burden, the district court may quash the service and dismiss without prejudice all causes of action against the improperly served defendant or defendants. *See Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 691 (5th Cir. 2008).

**A.    Discussion**

Federal Rule of Civil Procedure 4 ("Rule 4") provides a plaintiff may serve process on an individual in a judicial district of the United States by:

(1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)  doing any of the following:

   (A)    delivering a copy of the summons and of the complaint to the individual personally;

   (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1] The Court need not reach the Comal County Defendants' Rule 12(b)(4) arguments, though those arguments are well taken.

Fed. R. Civ. P. 4(e). Here, Herrmann did not serve process using any of the methods established in Rule 4(e)(2). Thus, Herrmann's attempted service of process was sufficient only if it complied with Texas state law.

Herrmann purports service of process was accomplished via certified mail. *ECF No. 6*. Texas state law authorizes service of process via certified mail, with return receipt requested, but the return receipt must bear the "addressee's signature." Tex. R. Civ. P. 106(a)(2); Tex. R. Civ. P. 107. To date, Herrmann has not filed any return receipts. Therefore, Herrmann's attempted service is insufficient under Rule 4. Although the Comal County Defendants apparently had actual notice of the insufficient service, the "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

Herrmann cites to Texas Rule of Civil Procedure 21a(b)(1) for support service was proper. *ECF No. 16 at 7*. Texas Rule of Civil Procedure 21a ("Rule 21a") is commonly known as the "mailbox rule." *Caballero v. Fuerzas Armadas Revolucionarias De Colombia*, No. 4:21-CV-00140, 2023 WL 125240 at *16 (S.D. Tex. Jan. 6, 2023). It states service for a motion or pleading on a party is complete when the document is postpaid, properly addressed, and deposited in the mail or with a commercial mailing service. *Id*. (citing Tex. R. Civ. P. 21a(b)(1)). The Comal County Defendants were not parties and, thus, Rule 21a is not applicable. The appropriate way to make the Comal County Defendants parties was to serve them. *Id*. (citing *Interest of T.M.E.*, 565 S.W.3d 383, 391 (Tex. App.—Texarkana 2018, no pet.)). Consequently, alleged compliance with Rule 21a is not effective service of process.

Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure. *Lewis v. Sec'y of Pub.*

*Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). In his Response to the Comal County Defendants' Motion to Dismiss, Herrmann fails to present any reasons why the Court should extend the time for filing service and instead argues only the Comal County Defendants "obviously" received his packages. *ECF No. 16*.

Accordingly, the Comal County Defendants' Rule 12(b)(5) Motion is granted. *ECF No. 14*. Herrmann's causes of action against the Comal County Defendants are dismissed without prejudice under Rule 12(b)(5). *See Ayika v. Sutton*, 378 F. App'x 432, 433–34 (5th Cir. 2010) (finding no abuse of discretion where the district court dismissed without prejudice for failure to perfect service under the federal rules or Texas rules).

## II.    The New Braunfels Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

The New Braunfels Defendants move for dismissal of Herrmann's causes of action under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on the basis of *res judicata*. *ECF No. 15 at 3–6*. Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings. *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952). The Fifth Circuit explains the doctrine of *res judicata* as follows:

> The term "*res judicata*" is often used to describe two discrete preclusive doctrines: *res judicata* and collateral estoppel. These doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. The bar prevents relitigation of all issues that were or could have been raised in the previous action.

*United States v. Davenport*, 484 F.3d 321, 325–26 (5th Cir. 2007) (internal citations, quotations, and alterations omitted).

State court judgments are given their full effect under the Full Faith and Credit Clause, and therefore, are also considered in the *res judicata* analysis. *Chao v. City of Plano, Tex.*, No. 4:21-CV-00312, 2022 WL 4281606 at \*6 (E.D. Tex. Aug. 16, 2022) (citing *Jones v. Sheehan*, 82 F.3d 1334, 1338 (5th Cir. 1996)). In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment. *Id.* (citing *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011)). Because the prior judgment here comes from a Texas state court, Texas law applies.

**A.    Discussion**

"Under Texas law, a grant of a Plea to the Jurisdiction is a dismissal on the merits for purposes of *res judicata*." *Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018); *E.g.*, *Klein v. Walker*, 708 F. App'x 158, 160 (5th Cir. 2017); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 640–41 (Tex. 2004). As such, a Plea to the Jurisdiction under Texas law has preclusive effects and subjects later-filed lawsuits to preclusion under *res judicata*.

Here, the New Braunfels Defendants assert the following:

1. Herrmann's causes of action against the New Braunfels Defendants were originally brought in the Justice Court, Precinct No. 3 of Comal County under Cause Nos. S323108, S323109, S323110, S323111, S323113, S323114 and S323116;

2. On April 30, 2024, Herrmann's causes of action were consolidated under Cause No. S323107 by Judge Larry Shallcross; and

3. On May 13, 2024, Judge Larry Shallcross heard the New Braunfels Defendants' Plea to the Jurisdiction and granted a Plea to the Jurisdiction.

*ECF No. 15 at 2–3*. The New Braunfels Defendants attach to the Motion to Dismiss evidence substantiating these assertions, including the Order granting a Plea to the Jurisdiction. *ECF Nos. 15-1, 15-2, 15-3*. Judge Larry Shallcross' Order granting a Plea to the Jurisdiction states:

> ON THIS DAY came to be considered Defendants Sydney Bridger, Kevin Cecil, Keith Lane, Brian Delgado, Sgt. Troy Mallett, Simon Mora, [a]nd Crystal Garner's Plea to the Jurisdiction and the Court after having considered the motion and arguments of counsel and pro se finds said Plea to the Jurisdiction is meritorious;
>
> IT IS THEREFORE, ORDERED that Defendants Sydney Bridger, Kevin Cecil, Keith Lane, Brian Delgado, Sgt. Troy Mallett, Simon Mora, [a]nd Crystal Garner's Plea to the Jurisdiction is in all things granted.

*ECF No. 15-3*. Herrmann's state court case therefore constitutes a final judgment on the merits under Texas law for the purpose of *res judicata*. Accordingly, because *res judicata* bars Herrmann's causes of action against the New Braunfels Defendants, the New Braunfels Defendants' Rule 12(b)(6) Motion is granted. *ECF No. 15*.

## III.    Defendants Andrew Leonie and Mark Reynolds' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Because the Court grants the Comal County Defendants' Rule 12(b)(5) Motion, (*ECF No. 14*), dismissing Herrmann's causes of action against Andrew Leonie and Mark Reynolds, the Court need not address Mr. Leonie and Mr. Reynolds' additional Rule 12(b)(6) Motion to Dismiss, (*ECF No. 28*). Accordingly, the Court denies as moot the Rule 12(b)(6) Motion. *ECF No. 28*.

## IV.    Defendant Randy C. Gray's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

Defendant Randy C. Gray ("Judge Gray") moves for dismissal of Herrmann's causes of action under Rule 12(b)(6) on the basis of *judicial immunity*.[2] *ECF No. 45*. The doctrine of judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial

---

[2] Judge Gray argues Herrmann's causes of action should be dismissed under both Rule 12(b)(1) and Rule 12(b)(6), however, such analysis is properly conducted under Rule 12(b)(6). *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995).

officer, in exercising the authority vested in him or her, shall be free to act upon his own convictions, without apprehension of personal consequences. *Id*. at 10 (internal citations and quotations omitted). Judicial immunity is not overcome by allegations of bad faith or malice and "applies even when the judge is accused of acting maliciously and corruptly." *Id*. at 11

### A.    Discussion

Judicial immunity is only overcome when the complained of acts are not taken in the judge's judicial capacity or when the judge acts in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11–12. In Herrmann's Amended Complaint, Herrmann does not complain of any actions taken by Judge Gray that were nonjudicial in nature nor does he show Judge Gray was acting in the clear absence of all jurisdiction. Accordingly, Judge Gray's Rule 12(b)(6) Motion is granted and the causes of action against Judge Gray are dismissed. *ECF No. 45*.

## IV. CONCLUSION

After due consideration, and for the reasons discussed herein, the Court **GRANTS** the Comal County Defendants' Rule 12(b)(5) Motion to Dismiss (*ECF No. 14*), **GRANTS** the New Braunfels Defendants' Rule 12(b)(6) Motion to Dismiss (*ECF No. 15*), and **GRANTS** Defendant Judge Gray's Rule 12(b)(6) Motion to Dismiss (*ECF No. 45*).

As no causes of action remain as a result of this Order, the Clerk of the Court is **DIRECTED** to terminate this case and issue a final judgment.

**IT IS FURTHER ORDERED** any pending motions are **DENIED AS MOOT**.

It is so ORDERED.
SIGNED this 20th day of November, 2024.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE